# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

KELLY BAKER,

           Plaintiff,                          Case No. 2:13-cv-11643

v.                                           Hon. Nancy G. Edmunds

                                           Mag. R. Steven Whalen

SOUTHWEST CREDIT SYSTEMS, L.P.

            Defendant

---

| | |
|---|---|
| GARY D. NITZKIN (P41155) | CHARITY A. OLSON (P68295) |
| Michigan Consumer Credit Lawyers | Olson Law Group |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 22142 West Nine Mile Road | 106 E. Liberty, Suite 303 |
| Southfield, MI 48033 | Ann Arbor, MI  48104 |
| Tel: (248) 353-2882 | Tel: (734) 222-5179 |
| Fax: (248) 353-4840 | Fax: 866-941-8712 |
| gary@micreditlawyer.com | colson@olsonlawpc.com |

---

## ANSWER AND AFFIRMATIVE DEFENSES

      Defendant, Southwest Credit Systems, L.P. ("Defendant"), through its counsel, Olson

Law Group, for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### JURISDICTION

      1.      This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

      **ANSWER: Defendant neither admits nor denies the allegations in Paragraph 1 of the Complaint for lack of information or sufficient belief and because the allegations set forth legal conclusions for which no response is required, leaving Plaintiff to her strict proofs.**

      2.      This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

      **ANSWER: Defendant neither admits nor denies the allegations in Paragraph 2 of the Complaint for lack of information or sufficient belief and because the allegations set forth legal conclusions for which no response is required, leaving Plaintiff to her strict proofs.**

## PARTIES

3.      The Defendant to this lawsuit is Southwest Credit Systems, L.P. which is a Texas company that maintains registered offices in Oakland County.

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 3 of the Complaint for lack of information or sufficient belief except to admit that Defendant is based in Texas and maintains a registered agent in Oakland County.**

## VENUE

4.      The transactions and occurrences which give rise to this action occurred in Oakland County.

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 4 of the Complaint for lack of information or sufficient belief, leaving Plaintiff to her strict proofs.**

5.      Venue is proper in the Eastern District of Michigan.

**ANSWER: Defendant does not contest venue at this time.**

## GENERAL ALLEGATIONS

6.      Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to AT&T Wireless in the amount of $1,023.83.

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 6 of the Complaint for lack of information or sufficient belief, except to admit that Defendant was retained to collect a debt believed to be due and owing by Plaintiff, leaving Plaintiff to her strict proofs.**

7.      Sometime in December 2011, Plaintiff cancelled her service with AT&T. AT&T told Plaintiff that she owed them money in regards to the cancellation fees.

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 7 of the Complaint for lack of information or sufficient belief, leaving Plaintiff to her strict proofs.**

8.      Plaintiff disputed that she owed this alleged debt to AT&T because she is disabled and needed a working phone in case of an emergency. Plaintiff's cellular service with AT&T was not operable and AT&T refused to provide working service.

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 8 of the Complaint for lack of information or sufficient belief, leaving Plaintiff to her strict proofs.**

9.      Defendant started calling Plaintiff attempting to collect on this alleged debt sometime in October 2012. At this time, Defendant did not identify themselves as a debt collector.

**ANSWER: Denied as untrue.**

10.      Defendant has called Plaintiff using the following phone numbers: 313-879-4705, 800-462-3804, and 866-201-5749.

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 10 of the Complaint for lack of information or sufficient belief, leaving Plaintiff to her strict proofs.**

11.      At this time, in October 2012, Plaintiff told Defendant that she disputed this alleged debt. Defendant responded by telling Plaintiff that she did not have the right to dispute this claim and they would continue to collect if she refused to pay. Plaintiff told Defendant multiple times that she was disputing this debt. Defendant told Plaintiff that this was a valid charge because she signed a contract and therefore, she could not dispute it.

**ANSWER: Denied as untrue.**

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

12.      Plaintiff reincorporates the preceding allegations by reference.

**ANSWER: Defendant reasserts its previous responses as if fully set forth herein.**

13.      At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

**ANSWER: Admitted.**

14.      Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 14 of the Complaint for lack of information or sufficient belief and because the allegations set forth legal conclusions for which no response is required, leaving Plaintiff to her strict proofs.**

15.      Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

**ANSWER: Admitted.**

16.     Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

**ANSWER: Denied as untrue.**

17.     The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**ANSWER: Denied as untrue.**

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

18.     Plaintiff incorporates the preceding allegations by reference.

**ANSWER: Defendant reasserts its previous responses as if fully set forth herein.**

19.     Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 19 of the Complaint for lack of information or sufficient belief and because the allegations set forth legal conclusions for which no response is required, leaving Plaintiff to her strict proofs.**

20.     Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 20 of the Complaint for lack of information or sufficient belief and because the allegations set forth legal conclusions for which no response is required, leaving Plaintiff to her strict proofs.**

21.     Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

**ANSWER: Denied as untrue.**

22.     Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

**ANSWER: Denied as untrue.**

23.     These violations of the Michigan Occupational Code were willful.

**ANSWER: Denied as untrue.**

**COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT**

24.     Plaintiff incorporates the preceding allegations by reference.

**ANSWER: Defendant reasserts its previous responses as if fully set forth herein.**

25.     Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 25 of the Complaint for lack of information or sufficient belief and because the allegations set forth legal conclusions for which no response is required, leaving Plaintiff to her strict proofs.**

26.     Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 26 of the Complaint for lack of information or sufficient belief and because the allegations set forth legal conclusions for which no response is required, leaving Plaintiff to her strict proofs.**

27.     Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252.

**ANSWER: Denied as untrue.**

28.     Plaintiff has suffered damages as a result of these violations of the MCPA.

**ANSWER: Denied as untrue.**

29.     These violations of the MCPA were willful.

**ANSWER: Denied as untrue.**

**WHEREFORE**, Defendant, Southwest Credit Systems, L.P., requests that this Court: (a) dismiss Plaintiff's claims with prejudice; (b) award Defendant its fees and costs wrongfully incurred in defense of this matter; and (c) grant Defendant such other and further relief as is just and proper.

Respectfully Submitted,

/s/ Charity A. Olson
CHARITY A. OLSON (P68295)
OLSON LAW GROUP
Attorneys for Defendant
106 E. Liberty, Suite 303
Ann Arbor, MI  48104
(734) 222-5179
Dated: May 7, 2013                          colson@olsonlawpc.com

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      To the extent Defendant's conduct violated the law, such conduct was not intentional but was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error(s).

3.      To the extent Defendant's conduct violated the law, such conduct was neither willful nor malicious.

4.      Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by the acts and/or omissions of persons or entities over which Defendant has no control or authority.

5.      Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions.

6.      Plaintiff has no actual damages.

7.      Plaintiff has failed to mitigate her damages, if any.

8.      Plaintiff's damages, if any, are speculative.

Respectfully Submitted,

/s/ Charity A. Olson
CHARITY A. OLSON (P68295)
OLSON LAW GROUP
Attorneys for Defendant
106 E. Liberty, Suite 303
Ann Arbor, MI  48104
(734) 222-5179
Dated: May 7, 2013                     colson@olsonlawpc.com

## Proof of Service

I, Charity A. Olson, hereby state that on May 13, 2013, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

/s/ Charity A. Olson
CHARITY A. OLSON (P68295)